Garner

*v.*

Commonwealth.

(*Supreme Court of Appeals of Virginia, Jan. 14, 1897.*)

[26 S. E. Rep. 507.]

**Arson—Conviction—Insufficient Evidence.**

Evidence only that a fire was incendiary, that defendant had an opportunity to commit the crime, and that he cherished ill feelings towards the owner of the property destroyed, does not warrant a conviction.

Error to Prince William county court.

One Garner was convicted of arson, and brings error. Reversed.

*Moore & Keith, Thos. H. Lion,* and *L. A. Larkin,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

Keith, P., delivered the opinion of the court.

Garner was indicted in the county court of Prince William for burning in the nighttime a mill house, the property of O. S. Davis. Upon this indictment he was tried, found guilty, and sentenced to a term of three years in the penitentiary. During the progress of the trial a number of exceptions were taken to the rulings of the county court, and all of them are relied upon in the petition to this court. None of these

assignments of error are of sufficient importance to require discussion, except that which is taken to the action of the trial court in overruling prisoner's motion to set aside the verdict and award him a new trial upon the ground that it was contrary to the evidence.

It appears that the mill house was burned ; that tracks were discovered the next morning about the mill, and leading from it in the direction of the prisoner's house, which corresponded in measurement and other characteristics with the prisoner's shoes and footprints ; that there was ill feeling between the owner of the mill and the prisoner ; and it appears from the prisoner's statement, voluntarily made, that he passed by and stopped at the mill house the evening of the fire, and that the footprints described were made by him. He gave a detailed account of his visit to the scene of the fire, relating circumstances which might have easily led to his exposure if the narrative as given by him had been untrue. His account is reasonable in itself, and being uncontradicted, though offering the prosecution the means of contradiction, must be accepted as true.

The utmost that can be said of the proof is that it shows the burning of the mill as the act of an incendiary, that the prisoner had the opportunity to commit the crime, and that he cherished ill feelings towards the owner of the property destroyed. These circumstances were sufficient to cause the prisoner to be suspected of the crime, and rendered an investigation of it proper, to ascertain whether or not he had any connection with it, but, in our judgment, fall short of that degree of proof which warrants a conviction, or which will sustain a verdict, under our statute, which requires us to consider the motion for a new trial as upon a demurrer to the evidence by the prisoner. There is no evidence whatever which connects the prisoner with the crime charged, and all that is shown in the record may be true (doubtless is true), and, at the same time, be entirely consistent with the innocence of the accused.

We are of opinion that the county court erred in overruling the motion to set aside the verdict and award the prisoner a new trial, and for this error the judgment complained of is reversed, and this court will enter such judgment as the county court should have rendered.